IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeanette Vinson,<br><br>    Plaintiff,<br><br>    v.<br><br>Mercedes-Benz Vans, LLC, Jimmy Parsley (in his official capacity), Darrell Edwards (in his official capacity)<br>        Defendants. | C/A No.: 2:26-cv-3336-DCN-MHC<br><br><br>COMPLAINT<br>**Jury Trial Requested** |

Plaintiff Jeanette Vinson, by and through her undersigned counsel, asserts the following Causes of Action of Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of 42 U.S.C. § 1981, Breach of Contract, and Breach of Contract with Fraudulent Intent against Mercedes-Benz Vans, LLC, Human Resources Manager Jimmy Parsley, and Human Resources Business Partner Darrell Edwards.

## ADMINISTRATIVE CHARGE

Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 1981 and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on state law.

2. Venue is proper in the Charleston Division, because the events giving rise to this action occurred at Defendant's manufacturing facility located in Ladson, Charleston County, South Carolina, where Plaintiff was employed and where the alleged unlawful conduct occurred.

## PARTIES

3. Plaintiff Jeanette Vinson is an adult resident of Summerville, South Carolina.

4. Defendant Mercedes-Benz Vans, LLC ("MBV") is a business entity operating its manufacturing facility in Ladson, South Carolina.

5. During Plaintiff's employment, Defendant acted through its managers, supervisors, Human Resources personnel, and executive officers, including but not limited to Jimmy Parsley, Darrell Edwards, Johannes Kellermann, Mark Beckworth, Dan Cook, and other supervisory employees.

6. Upon information and belief, Defendant Parsley is a citizen of South Carolina and resides in this Judicial District.

7. Upon information and belief, Defendant Edwards is a citizen of South Carolina and resides in this Judicial District.

## FACTS

8. Plaintiff was hired on November 12, 2018 and employed by Mercedes-Benz Vans, LLC for approximately seven years and consistently maintained satisfactory job performance without disciplinary points for unethical conduct, attendance, or poor work performance.

9. Plaintiff received annual performance-based pay increases and, as of September 2024, earned $38.00 per hour, including a third-shift differential.

10. Plaintiff regularly worked approximately eighty-four hours every two weeks, including ten-hour Sunday shifts.

11. On June 27, 2021, Plaintiff suffered a workplace injury while working in the Primer Inspection Department after falling approximately seven feet from the top workstation on to the sharp iron conveyor due to hazardous working conditions involving sharp grid iron walkways.

12. Plaintiff sustained serious injuries, including a deep laceration to her right hand, injuries to her neck, shoulders, back, arm, wrist, and head, and alleged Defendant failed to follow OSHA safety regulations and reporting requirements following the accident.

13. Plaintiff alleges Defendant failed to maintain safe working conditions in the Primer Inspection Department, including hazardous walking and working surfaces, inadequate escape routes, and violations of OSHA safety standards.

14. On July 26, 2024, Plaintiff submitted a complaint to CEO Alex Bense alleging harassment, retaliation, coercion, and surveillance by Paint Shop Managers Dan Cook and Mark Beckworth.

15. Later that same day, Human Resources Business Partner Darrell Edwards contacted Plaintiff regarding her complaint and questioned the seriousness of her allegations concerning workplace surveillance.

16. On July 28, 2024, Plaintiff met with Mr. Edwards and reported that numerous coworkers were following and watching her throughout the manufacturing plant and within her community, causing her to feel threatened.

17. During that meeting, Plaintiff identified coworkers she believed had admitted to watching or following her and informed Mr. Edwards of additional employees who allegedly experienced similar treatment.

18. On August 1, 2024, Plaintiff met again with Mr. Edwards to discuss the outcome of her complaint.

19. During that meeting, Plaintiff complained that another employee, Mr. Hunter, had been taking photographs and videos of her without permission.

20. Plaintiff questioned why management appeared to believe Mr. Hunter instead of her regarding the unauthorized photographs, and Mr. Edwards allegedly responded accordingly.

21. In February 2025, Plaintiff contacted the Daimler Whistleblower System BPO and reported unlawful harassment, retaliation, threats, and an unsafe workplace allegedly committed by Mark Beckworth and Dan Cook.

22. Plaintiff received a case number from the Daimler Whistleblower System in connection with her complaint.

23. On April 17, 2025, Plaintiff met with Mr. Edwards and again complained about ongoing surveillance, harassment, retaliation, and threats within the workplace.

24. During that meeting, Plaintiff informed Mr. Edwards that she had filed a complaint with the Daimler Whistleblower System.

25. Plaintiff alleges that Mr. Edwards removed his cellular telephone and began recording their conversation without her consent.

26. Plaintiff informed Mr. Edwards that recording her without permission violated Defendant's policies.

27. On April 22, 2025, Plaintiff emailed incoming Chief Executive Officer Johannes Kellermann complaining of harassment, retaliation, threats, and Human Resources' failure to address her concerns.

28. Plaintiff alleged that Mr. Edwards prevented her from meeting directly with CEO Kellermann regarding her complaints.

29. Later that evening, Plaintiff met with Human Resources Manager Jimmy Parsley and Human Resources representative January Bradshaw regarding her complaints.

30. During the meeting, Mr. Parsley advised Plaintiff that CEO Kellermann wanted the complaints addressed immediately.

31. Plaintiff explained that she had previously attempted to report ongoing harassment, surveillance, retaliation, and hostile work environment concerns involving Human Resources personnel and paint shop managers.

32. Plaintiff identified numerous coworkers and supervisors whom she alleged had followed or surveilled her both inside and outside the workplace.

33. Mr. Parsley requested that Plaintiff complete a written resolution form regarding her complaints.

34. Plaintiff declined to submit the requested resolution because she believed a formal investigation should occur before any resolution.

35. On April 23, 2025, Plaintiff emailed Mr. Parsley advising that she would later complete the requested form.

36. Plaintiff ultimately did not submit the requested resolution statement.

37. On May 14, 2025, Plaintiff was traveling to work to attend a town hall meeting welcoming incoming CEO Johannes Kellermann.

38. While en route to work, Plaintiff received communications from her group leader directing her to contact Human Resources Manager Jimmy Parsley.

39. At approximately 9:17 p.m., Mr. Parsley informed Plaintiff by telephone that a complaint had been made alleging Plaintiff called another employee a racial slur.

40. Plaintiff immediately denied making the alleged statement and advised Mr. Parsley that such language was not part of her vocabulary.

41. Plaintiff requested the identity of the complainant and any witnesses supporting the allegation.

42. Plaintiff alleges Mr. Parsley did not identify the complainant or witnesses.

43. Mr. Parsley informed Plaintiff that Defendant maintained a zero-tolerance policy concerning racial slurs and terminated Plaintiff's employment effective immediately.

44. At approximately 9:26 p.m. on May 14, 2025, Plaintiff received an email confirming that she had been discharged for alleged policy and behavior violations.

45. Plaintiff alleges the accusation was false and that she did not make the alleged statement.

46. Plaintiff further alleges Defendant terminated her employment in retaliation for her repeated complaints of harassment, retaliation, unsafe working conditions, and whistleblower activity.

47. Following her termination, Defendant withheld Plaintiff's accrued vacation pay and team-share compensation for 2025.

48. On August 17, 2025, Plaintiff applied for unemployment benefits.

49. On September 10, 2025, the South Carolina Department of Employment and Workforce determined Plaintiff was eligible for unemployment benefits after finding insufficient evidence of wrongdoing.

50. Plaintiff alleges that, absent her termination, she would have completed seven years of employment with Defendant and received her annual pay increase.

51. Plaintiff contends that Defendant's actions caused her lost wages, lost employment benefits, emotional distress, and other damages resulting from alleged unlawful harassment, retaliation, and wrongful termination.

## **FIRST CAUSE OF ACTION**

***Race Discrimination, Racially Hostile Work Environment, and Retaliation in violation of 42 U.S.C Section 1981, against Defendants Mercedes-Benz Vans, LLC, Human Resources Manager Jimmy Parsley, and Human Resources Business Partner Darrell Edwards (in their official capacities).***

52. Plaintiff reiterates and fully incorporates each and every assertion set forth above as if repeated verbatim herein.

53. Plaintiff is a member of a protected class on the basis of her Race (African American).

54. Plaintiff alleges that Defendant MBV, through its agents, Defendant Parsley and Edwards initiated discriminatory and retaliatory practices against Plaintiff based upon her Race, including but not limited to:

   a. Undermining Plaintiff's initiatives and directives for Quality and Safety Control through subordinate employees.

55. Plaintiff was subjected to Race Discrimination, a Racially Hostile Work Environment, and Retaliation on the basis of her Race, resulting from racially hostile treatment by Defendants Parsley and Edwards, which Mercedes-Benz Vans, LLC condoned in violation of Section 1981.

56. Mercedes-Benz Vans, LLC by and through its agents, began a pattern and practice of enabling Defendants' Parsley and Edwards discrimination against Plaintiff while

disregarding violations of workplace safety and OSHA rules and guidelines which Defendants' Parsley and Edwards were all well aware of.

57. Upon information and belief, Plaintiff's Caucasian colleagues of similar title, responsibility, and authority were not forced to be subjected to such racial hostility, racially disparaging remarks, and undermining of their directives as Plaintiff.

58. Furthermore, none of Plaintiff's Caucasian colleagues of similar title, responsibility, and authority were subjected to such hostile and racial treatment, and Defendant MBV made no effort to protect Plaintiff from such an environment orchestrated by Defendants Parsley and Edwards.

59. Defendant Mercedes-Benz Vans, LLC was well aware of Plaintiff's concerns of workplace safety. Defendant Mercedes- Benz Vans, LLC's policies and procedures for which Plaintiff relied, provided assurances that Plaintiff's concerns would be addressed. However, Defendant Mercedes- Benz Vans, LLC as well as Defendants Parsley and Edwards, failed to follow through on those promises in any substantive or meaningful way. In fact, the Defendant, Mercedes-Benz Vans, LLC, breached its own policies and procedures through its Handbook.

60. Further, Plaintiff alleges that Defendant MBV, through its agents, Parsley and Edwards, initiated discriminatory and hostile practices against Plaintiff that were reckless and wanton, including:

   a. Continuing to permit the deliberate undermining and retaliation of Plaintiff's authority at the hands of Defendants Parsley and Edwards.

b. By continuing to allow the Defendant's racially hostile, usurpatory, and egregious practices while Plaintiff's similarly situated Caucasian colleagues were exempt from such treatment.

c. Failing to address workplace safety concerns, which Defendants were well aware of through Plaintiff's numerous concerns and safety initiatives, and the undermining of Plaintiff's authority to circumvent safety protocols set by Plaintiff in accordance with OSHA rules and guidelines.

61. By knowingly allowing such blatant and pervasive racial hostility, retaliation, and discrimination to exist, Defendant Mercedes-Benz Vans, LLC effectively condoned the same; and Plaintiff's job performance and effectiveness were negatively impacted consequently.

62. Further, Defendant Mercedes-Benz Vans, LLC through Defendants Parsley and Edwards retaliated against Plaintiff for advocating workplace safety protocols and creating initiatives to correct such violations of safety protocol and procedure, via Defendant Parsley and Edwards discriminatory and racially adverse treatment of Plaintiff. Defendants' retaliatory conduct towards Plaintiff occurred and/or intensified in a close temporal proximity to Plaintiff's advocacy for workplace safety.

63. But for Defendant Mercedes-Benz Vans, LLC's conduct, by and through Defendants Parsley and Edwards, Plaintiff would not have been forced to endure Race Discrimination, a Racially Hostile Work Environment, Retaliation, and ultimately termination.

64. By failing to protect Plaintiff from the Defendants' racially motivated hostility and retaliation, Defendant MBV acted with malice and reckless indifference to Plaintiff's

federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C §2000, et seq., Section 1981).

65. As a result of Defendants' racially discriminatory conduct, accompanied by Plaintiff's continuous and ongoing exposure to the same, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages. Plaintiff believes she should be awarded actual and punitive damages against the Defendants due to their unlawful discriminatory treatment of Plaintiff under Section 1981.

**SECOND CAUSE OF ACTION**

***Breach of Contract as to Defendant Mercedes-Benz Vans, LLC***

66. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

67. Plaintiff and Defendant entered into a binding and legal contract for employment with Mercedes-Benz Vans, LLC Plaintiff accepted the offer of employment and agreed to fulfill the duties of her position in exchange for valuable consideration, her salary, and the Defendant's guarantee that she would be protected from Racial Discrimination, Retaliation, and a Racially Hostile Work Environment.

68. Defendant maintained an employment Handbook and mandatory policies and procedures that included the Plaintiff's job description, which set out conditions under which the Plaintiff performed in an exemplary manner.

69. Plaintiff continuously and diligently worked for Defendant for 7 years and always put the needs, safety concerns, and the customers of Mercedes-Benz Vans, LLC first during her

employment in the Primer Inspection Department, despite the constant and continuous pressure from Defendants Parsley and Edwards to disregard such safety concerns.

70. At all times during her employment, Plaintiff relied on the promises contained in the Defendant's Handbook, policies, procedures, and governing documents.

71. Defendant breached its employment contract with Plaintiff by failing to protect Plaintiff from Race Discrimination, Retaliation, and a Racially Hostile Work Environment at the hands of Defendants Parsley and Edwards.

72. The Plaintiff relied on Defendant Mercedes-Benz Vans, LLC's reassurances that it would act in accordance with its expressed and implied policies and procedures regarding workplace conduct, anti-discrimination, the investigation of known violations, harassment, and other workplace policies and procedures.

73. However, the Defendant, Mercedes-Benz Vans, LLC, unjustifiably failed to perform its contractual duties by racially discriminating against Plaintiff, retaliating against Plaintiff for her advocacy for safety through its agents Parsley and Edwards.

74. Defendant MBV also failed to fully and completely investigate all workplace safety issues in accordance with its own policies regarding safety standards despite numerous members of Defendant's management team being fully aware of the circumvention of safety standards to meet production goals, including Defendant Parsley and Edwards.

75. Further, Defendant MBV breached its contractual policies and procedures by failing to treat Plaintiff equally to its Caucasian employees as stated more fully above.

76. Defendant MBV and its agents had a responsibility to ensure that Plaintiff would not be subjected to Race Discrimination, Retaliation, and a Racially Hostile Work Environment.

77. Instead, Mercedes-Benz Vans, LLC permitted its agents to not only discriminate against Plaintiff but also allowed them to retaliate against Plaintiff when she properly advanced safety protocols for workplace safety over production deadlines. Moreover, Mercedes-Benz Vans, LLC failed to treat Plaintiff similarly to her Caucasian counterparts, all in violation of the contractual guarantees provided to Plaintiff by Mercedes-Benz Vans, LLC in its Handbook and other contractual documents.

78. As a result of the Defendant MBV's breach of contract, the Plaintiff has suffered actual, compensatory, physical, mental, emotional, and consequential damages stemming from the breach and other such damages as are allowed.

## THIRD CAUSE OF ACTION

### *Breach of Contract Accompanied with Fraudulent Intent as to Defendant Mercedes-Benz Vans, LLC*

79. Plaintiff reiterates every allegation contained in the preceding paragraphs as if set forth verbatim herein.

80. Defendant, by and through their agents, has failed to fulfill their obligation under their promissory and mandatory terms requiring good faith business dealing, which form a contract with Plaintiff beyond the at-will employment relationship.

81. Defendant, by and through its agents, has breached the terms thereof by reason of an intentional design to defraud Plaintiff.

82. Defendant fraudulently and untruthfully attempted to conceal its true motives for terminating Plaintiff by alleging Plaintiff had used a racial slur.

83. In fact, Plaintiff asserts that Defendants Parsley and Edwards worked to undermine Plaintiff's authority and responsibilities to create a pretextual reason for Plaintiff's termination.

84. Upon information and belief, Plaintiff asserts that Plaintiff's advocacy for workplace safety was a catalyst to the discrimination, retaliation, and hostile work environment Plaintiff had to endure.

85. As a result, Defendant's actions, Plaintiff has suffered damages in the form of lost wages, income, and benefits, emotional distress, mental anguish, loss of enjoyment of life, embarrassment, humiliation, as well as consequential and other damages.

86. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously, and with utter disregard for public policy, and the State and Federally protected rights of Plaintiff. Therefore, Plaintiff is informed and believes she is entitled to recovery of liquidated and punitive damages from Defendant.

## <u>JURY TRIAL REQUESTED</u>

87. Plaintiff requests a jury trial.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays that this Honorable Court declares that the Defendants Mercedes-Benz Vans, LLC's, Human Resources Manager Jimmy Parsley's, and Human Resources Business Partner Darrell Edwards' actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

      a.   Declaring the actions complained of herein illegal;

b. In favor of Plaintiff and against the Individual Defendants for all causes of action herein alleged in an amount which is fair, just, and reasonable, and for actual, compensatory, special, and punitive damages;

c. In favor of Plaintiff and against the Defendants for all causes of action in an amount which is fair, just, and reasonable;

d. Issuing an injunction enjoining Defendants, their Agents, Employees, Successors, Attorneys and those acting in concert or participation with Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of 42 U.S.C. Section 1981 (Race Discrimination/ Racially Hostile Work Environment/ Retaliation), Breach of Contract and Breach of Contract Accompanied with Fraudulent Intent and the common laws of the State of South Carolina;

e. Awarding Plaintiff actual and compensatory damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of Defendants' unlawful discriminatory actions taken as a result of Plaintiff's Race and other pled causes of action, including: physical and mental anguish, pain and suffering, harm to Plaintiff's economic opportunities (present and future), any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits and retirement benefits;

f. Awarding Plaintiff her costs and expenses in this action, including reasonable Attorney's fees, and other litigation expenses; and

g. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

*(Signature on page to follow)*

Respectfully Submitted,
  s/Donald Gist
Donald Gist (13098)
***GIST LAW FIRM, P.A.***
4400 North Main Street
Columbia, South Carolina 29203
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com

***Attorney for Plaintiff***

August 7, 2026